Lawrence W. Sinclair, Pro Se
9 Spring Drive
Port Orange, Florida 32129
(386) 506-8912
lsinclair@sinclairpublishingllc.com

RECEIVED
JUL 0 6 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Daniel Parisi, et al.,                ) CIVIL ACTION NO. 1:10-CV-00897-RJL
                                      )
         Plaintiff's,                 ) **Defendant's Lawrence W. Sinclair &**
                                      ) **Sinclair Publishing Response to**
    vs.                               ) **Plaintiff's Opposition**
                                      )
Lawrence W. Sinclair, a/k/a "Larry    )
                                      )
Sinclair" et al.,                     )
                                      )
         Defendants.

---

Defendants, Lawrence W. Sinclair and Sinclair Publishing (one and the same) (Ex. A)(Defendant's) respond to the blatantly false assertions in PLAINTIFFS' RESPONSE TO MOTION FOR EXTENSION OF TIME TO FILE ANSWER filed in this court on June 29, 2010.

**ARGUMENT**

Plaintiff's case was filed on May 28, 2010 alleging "defamatory" statements by Defendants in the Book, *Barack Obama & Larry Sinclair: Cocaine, Sex, Lies & Murder?* Published June 15, 2009. The Statute of Limitations on Slander/Defamation is "two years from the time the statements became known…" Plaintiff's by their own admission in an internet posting on www.whitehouse.com dated February 26, 2008 (Ex. B) acknowledge they were aware of the "alleged" defamatory statements on or before February 26, 2008; some sixteen (16) months prior to the publication of the book *Barack Obama &*

Response to Plaintiffs Opposition - 1

*Larry Sinclair: Cocaine, Sex, Lies & Murder?* and March 17, 2008 Globe Magazine Article (Ex. C) where "alleged" defamatory statements were also published in addition to Larry Sinclair blogs throughout late February 2008 to date.

Plaintiff's counsel, Richard Oparil, did knowingly file a dishonest statement with this court in his "OPPOSITION & EXHIBITS" in claiming defendant's "On June 29, one day after their answer was due, Sinclair and SPI filed a motion to extend." Plaintiff's counsel was sent defendants Motion dated June 19, 2010 post marked June 21, 2010 just as this Court and other defendants were. Plaintiff's counsel was also sent by email the PDF of said motion and received it on June 20, 2010 as well as READ it on June 20, 2010. Defendants did on June 25, 2010 resend said MOTION via United States Postal Service Express Mail overnight after the Case Administrator claimed the original MOTION mailed June 21, 2010 had not yet been received by the Court. This copy of the MOTION For Extension of Time to File Answer was delivered to the Clerk of The United States District Court for the District of Columbia at 12:02 PM Monday June 28, 2010; whereby making said MOTION timely filed. (Ex.D)

Plaintiff's continued use of this court to identify Defendant Lawrence W. Sinclair as a convicted criminal is representative of plaintiff's mindset. Plaintiff's counsel may wish to however be honest with its pleadings before this court. Contrary to Plaintiff's claims and exhibits of a Politico.com article written by Ben Smith, defendant Sinclair disclosed his past history long before any "private investigators for Public Citizen Litigation Group uncovered…" it. (Ex. E)

Defendant's have actively sought to retain counsel in this matter and will have no problem providing this court with documentation to that effect. However, defendant's will not agree to disclose the names of firms or individuals contacted to plaintiff's as plaintiff Parisi has a history of using information to cause attorneys to be contacted and harassed for having contact with Defendant.  Plaintiff did on February 23, 2008 threaten defendant Sinclair in an attempt to obtain copies of emails between defendant Sinclair and California attorney Gloria Allred.

Defendant Lawrence W. Sinclair a/k/a "Larry Sinclair" and Defendant Sinclair Publishing, Inc are effective June 29, 2010 one in the same. Sinclair Publishing, Inc has been dissolved.  In addition, should plaintiff's continue to argue that Sinclair Publishing, Inc could not be represented in defendants MOTION For EXTENSION TO FILE ANSWER, defendant argues that plaintiff's have failed to obtain proper service on Defendant Sinclair Publishing, Inc considering that no such service has to this date been made on Sinclair Publishing, Inc. Registered Agent of Service.  Thereby Sinclair Publishing, Inc still has no date for which to file an answer to plaintiff's complaint.

**CONCLUSION**

Defendant's respectfully move this court based on the aforementioned to

1. GRANT defendant's Motion for Extension of Time to File Answer

2. ORDER Plaintiff's counsel to produce the post-marked envelope containing defendants Motion for Extension to File Answer mailed to plaintiff.

3.   Sanction as the Court deems reasonable Counsel for Plaintiff's for filing false statements with this court as to the filing dates of defendant's MOTION.

4.   Any other relief as is appropriate.

Dated this 30th day of June, 2010

Respectfully Submitted

_____
Lawrence W. Sinclair, Pro Se
Lawrence W. Sinclair d/b/a
Sinclair Publishing
9 Spring Drive
Port Orange, Florida 32129
(386) 506-8912
lsinclair@sinclairpublishingllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2010, a copy of the foregoing was served on the following by email and first class mail placed in the United States Mail after 5:00 PM Eastern Time:

Richard J. Oparil
Patton Boggs LLP
2550 M Street, NW
Washington, D.C. 20037

Counsel for Plaintiff's

Linda Steinman
Davis Wright Tremaine LLP
1633 Broadway, 27th Floor
New York, NY 10019

Counsel for Defendant's Barnes & Noble; Barnesandnoble.com LLC

Amazon.com Inc
410 Terry Avenue
Seattle, WA 98109

Books-A-Million, Inc
402 Industrial Lane
Birmingham, AL 35211