# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANIEL PARISI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-00897-RJL |
| | ) | |
| LAWRENCE W. SINCLAIR a/k/a "Larry Sinclair", | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO STRIKE
## "OPPOSITION TO AFFIDAVIT OF DEFAULT" AND ANNEXED ANSWER TO COMPLAINT OF DEFENDANT SINCLAIR PUBLISHING, INC.

Plaintiffs, Daniel Parisi ("Parisi"), Whitehouse.com Inc., Whitehouse Network LLC ("WN"), and White House Communications Inc. ("WHCI") (collectively referred to as "plaintiffs"), hereby move to strike the "opposition to affidavit of default" and answer to the complaint (Dkt. Nos. 28 & 28-1) filed by defendant Sinclair Publishing, Inc. ("SPI"). In support of this motion, plaintiffs state as follows:

Both of the filings made on behalf of SPI are signed by defendant Lawrence W. Sinclair ("Sinclair"), acting *pro se*. While Sinclair certainly has the right to appear *pro se* and represent himself in his personal capacity, he does not have the right to represent SPI. He is not an attorney. As plaintiffs have previously indicated (Dkt. No. 15 at 2), a corporation such as SPI cannot appear without an attorney. *See, e.g.*, 29 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384-86 (11th Cir. 1985); *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004); *Lennon v. McClorey*, 3 F.

Supp. 2d 1461, 1462 n.1 (D.D.C. 1998).   Therefore, SPI's purported opposition and answer

should be stricken as to it.[1]

Further, both filings contend that service of process on SPI is deficient because plaintiffs

personally served Sinclair, an admitted officer of SPI, rather than SPI's resident agent.   Service

on a defendant corporation, such as SPI, may be made on an officer.   Sinclair ignores Fed. R.

Civ. P. 4(h), which provides, in relevant part, that:

> Unless federal law provides otherwise or the defendant's waiver
> has been filed, a domestic or foreign corporation, or a partnership
> or other unincorporated association that is subject to suit under a
> common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an
> individual; or
>
> (B) **by delivering a copy of the summons and of the complaint
> to an officer, a managing or general agent**, or any other agent
> authorized by appointment or by law to receive service of process .
> . . . [Emphasis added.]

*See, e.g., Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 489 F.3d 1356, 1361

(D.C. Cir. 2007) (Rule 4(h)(1) provides a method for effecting service "by delivering a copy of

the summons and of the complaint to an officer, a managing or general agent, or to any other

agent authorized by appointment or by law to receive service of process"); *Vax-D Medical*

*Technologies, LLC v. Texas Spine Medical Center*, 485 F.3d 593, 596 (11th Cir. 2007) (service

shall be effected by delivering a copy of the summons and of the complaint to an officer or a

managing or general agent); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000)

(Rule 4(h) "provides for service on a corporation by delivering a copy of the summons and

complaint to an officer, manager or authorized agent of the corporation.").

---

[1]   Sinclair has chosen to personally answer the complaint with a general denial of the
allegations and no affirmative defenses.  (Dkt. No. 28-1).

Sinclair and SPI's own evidence from the State of Florida states that Sinclair is an officer of SPI. (Dkt. No. 28 Ex. A).  There is no legal requirement that a corporation must be served only through its resident agent.  Plaintiffs do not seek to strike that pleading.  Plaintiffs thus properly served SPI and the Clerk's entry of default against SPI (Dkt. No. 18) was correctly issued and their pending motion for a default judgment against SPI should be granted (Dkt. No. 24).

## CONCLUSION

For all the foregoing reasons, the opposition and answer of SPI should be stricken.

Dated:  July 15, 2010                          Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil (D.C. Bar No. 409723)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

Kevin M. Bell (admitted *pro hac vice*)
PATTON BOGGS LLP
8484 Westpark Drive
McLean, VA 22102
(703) 744-8000
(703) 744-8001 (fax)

*Attorneys for Plaintiffs*

5105975

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2010, a copy of the foregoing was served on counsel for the parties that have appeared in the case by the Court's ECF system and on the following by first class mail:

Lawrence W. Sinclair
9 Spring Drive
Port Orange, FL 32129

Sinclair Publishing, Inc.
9 Spring Drive
Port Orange, FL 32129

s/ Richard J. Oparil
Richard J. Oparil (DC Bar No. 409723)