**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DANIEL PARISI, *et al.*,                        )<br>                                                          )<br>              Plaintiffs,                             )<br>      v.                                                   )<br>                                                          )<br>LAWRENCE W. SINCLAIR a/k/a "Larry Sinclair", *et al.*, )<br>                                                          )<br>              Defendants.                           )<br>                                                          ) | Civil Action No. 10-0897-RJL |

## DECLARATION OF RICHARD J. OPARIL

I, Richard J. Oparil, declare under penalty of perjury that the following is true and correct.

1. I have personal knowledge of the facts stated herein and if called upon to do so, I could competently testify thereto.

2. I am a member of the Bar of this Court. I am a partner at Patton Boggs LLP and am one of the attorneys for Daniel Parisi, Whitehouse.com Inc., Whitehouse Network LLC, and White House Communications Inc. (collectively referred to as "plaintiffs").

3. I make this declaration in support of plaintiffs' motion for substituted service on defendant Jeffrey Rense ("Rense").

4. All of the defendants, except Rense, have been served with the Summons, Complaint, Local Rule 7.1 Certificate and Notice of Right to Consent to Trial Before a U.S. Magistrate Judge (collectively referred to as "Process").

5. Public records confirm that Rense owns, resides and/or works at 4896 Highway 66, Ashland, Oregon 97520, as reflected in the true and correct copies of Exs. 1-9.

6. Plaintiffs made an extraordinary effort to serve Process on Rense personally as described in the Affidavit of Sharon Bosch (Ex. 10) and Affidavit of Deputy Sheriff Debbie Holbrook (Ex. 11). Their multiple attempts at service were unsuccessful.

7. On July 2, 2010, I caused a U.S. Postal Service Express Mail package containing the Process to be sent to Rense at 4896 Highway 66, Ashland, OR 97520-9712. The package was returned to me undelivered. A true and correct copy of the front of the returned package is attached as Ex. 12.

8. On July 2, 2010, I caused a Federal Express package containing the Process to be sent to Rense at 4896 Highway 66, Ashland, OR 97520, standard overnight with a delivery signature required. Federal Express made multiple delivery attempts. The last delivery attempt was made on July 8, 2010. The package was returned to me by Federal Express with the notation, "Refused." A true and correct copy of the front of the returned package is attached as Ex. 13. A true and correct copy of an electronic report from Federal Express to me showing the package was not delivered is attached as Ex. 14.

9. On or about July 1, 2010, I sent an email addressed to webmaster@rense.com and attached thereto a copy of the Process. Attached as Ex. 15 is a true and correct copy of the email message (without attachments). Attached as Ex. 16 is a true and correct copy of an electronically generated receipt showing the email was delivered on July 1, 2010.

10. On or about July 1, 2010, I sent an email addressed to renseradio@yahoo.com and attached thereto a copy of the Process. Attached as Ex. 17 is a true and correct copy of the email message (without attachments). Attached as Ex. 18 is a true and correct copy of an electronically generated receipt showing the email was delivered on July 1, 2010.

11.     On July 1, 2010, I sent emails to Rense through his "Myspace" pages, attaching thereto copies of the Process. Attached as Exs. 19-21 hereto is a true and correct copy of an electronically-generated report showing the Myspace emails I sent to Rense and the contents of such emails.

12.     On July 12, 2010, I sent a letter and copies of the Process addressed to Rense at 4896 Highway 66, Ashland, OR 97520 by first-class mail, postage prepaid. A true and correct copy of the letter, without attachments, is attached as Ex. 22.

13.     Rense has actual knowledge of this case. On July 27, 2010, I visited Rense's website, rense.com. Attached as Ex. 23 is a true and correct copy of a printout of that site. The site includes a link entitled, "Sinclair Moving to DC to Defend Against Parisi Suit" (p. 7 of 14). The link leads to the website larrysinclair.com, which contains numerous postings and documents related to this case. A true and correct copy of a printout of larrysinclair.com on July 27, 2010, is attached as Ex. 24. Rense's site also includes a section on "Larry Sinclair", which has links to larrysinclair.com. (Ex. 23 p. 13 of 14).

14.     Given the emails, mailing, and evidence of actual notice, service of Process should be deemed to have been properly made on Rense and his time to answer the summons and complaint should begin to run on the date of this Court's Order to that effect.

15.     In the alternative, the Court should Order the use of methods for substitute service on Rense pursuant to the Federal Rules and applicable state law. Fed. R. Civ. P. 4(e)(1) provides that:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . .

D.C. Code § 13-431(a)(2) allows service to be made "in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction . . . ." Because Rense is located in Oregon, he can be served by following a method prescribed by Oregon law. Oregon Rule of Civil Procedure 7D(6) provides that:

> D(6)(a) **Court order for service by other method.** On motion upon a showing by affidavit or declaration that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of the defendant by first class mail and any of the following: certified, registered, or express mail, return receipt requested; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response.
>
> D(6)(b) **Contents of published summons.** In addition to the contents of a summons as described in section C of this rule, a published summons shall also contain a summary statement of the object of the complaint and the demand for relief, and the notice required in subsection C(3) shall state: "The 'motion' or 'answer' (or 'reply') must be given to the court clerk or administrator within 30 days of the date of first publication specified herein along with the required filing fee." The published summons shall also contain the date of the first publication of the summons.
>
> D(6)(c) **Where published.** An order for publication shall direct publication to be made in a newspaper of general circulation in the county where the action is commenced or, if there is no such newspaper, then in a newspaper to be designated as most likely to give notice to the person to be served. Such publication shall be four times in successive calendar weeks. If the plaintiff knows of a specific location other than the county where the action is commenced where publication might reasonably result in actual notice to the defendant, the plaintiff shall so state in the affidavit or declaration required by paragraph (a) of this subsection, and the court may order publication in a comparable manner at such

location in addition to, or in lieu of, publication in the county where the action is commenced.

D(6)(d) **Mailing summons and complaint.** If the court orders service by publication and the plaintiff knows or with reasonable diligence can ascertain the defendant's current address, the plaintiff shall mail true copies of the summons and the complaint to the defendant at such address by first class mail and any of the following: certified, registered, or express mail, return receipt requested. If the plaintiff does not know and cannot upon diligent inquiry ascertain the current address of any defendant, true copies of the summons and the complaint shall be mailed by the methods specified above to the defendant at the defendant's last known address. If the plaintiff does not know, and cannot ascertain upon diligent inquiry, the defendant's current and last known addresses, a mailing of copies of the summons and the complaint is not required.

16. Accordingly, plaintiffs respectfully request that the Court order that substitute service be made by (a) the emails reflected in Exs. 15-21; (b) posting a copy of the Process at Rense's address, 4896 Highway 66, Ashland Oregon; and (c) by publication in the Ashland Daily Tidings, a newspaper of general circulation in Ashland, Oregon, for four successive weeks. followed by mailing copies of the summons and the complaint to the defendant at such address by first class mail and certified, registered, or express mail, return receipt requested.

17. The legal notice will be substantially in the following form:

NOTICE OF SUMMONS Civil Action No. 10-897-RJL IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. DANIEL PARISI, et al., Plaintiffs, v. LAWRENCE W. SINCLAIR, et al. TO: JEFFREY RENSE. You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiffs will apply to the Court for the relief demanded in the complaint. The complaint contains claims against you for libel per se/libel, false light invasion/misappropriation of privacy, business disparagement, tortious interference with economic advantage, and civil conspiracy. NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY! You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a

"motion" or "answer." The "motion" or "answer" must be given to the court clerk within 30 days along with the required filing fee (if any). It must be in proper form and have proof of service on the plaintiffs' attorney or, if the plaintiffs do not have an attorney, proof of service upon the plaintiffs. If you have questions, you should see an attorney immediately. This summons is published pursuant to a motion for substitute service on defendant Jeffrey Rense filed in the above-entitled court on July 28, 2010, directing publication of this summons for four consecutive weeks in the Ashland Daily Tidings, a newspaper of general circulation in Oregon. Date of first publication: _____, 2010. PATTON BOGGS LLP By Richard J. Oparil, 2550 M St., NW, Washington, DC 20037 (202) 457-6000 ATTORNEYS FOR PLAINTIFFS.

18. This substituted service is reasonably calculated to give Rense notice of this action against him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and accurate.

Dated: July 28, 2010          */s/ Richard J. Oparil*
                              Richard J. Oparil

5107042