UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL PARISI, *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) <br> ) |
| v. | )    No. 1:10-cv-00897-RJL <br> ) |
| LAWRENCE W. SINCLAIR a/k/a "Larry Sinclair", *et al.*, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**PLAINTIFFS' EMERGENCY MOTION TO REQUIRE DEFENDANTS LAWRENCE W. SINCLAIR AND SINCLAIR PUBLISHING, INC. TO PRESERVE DISCOVERABLE INFORMATION AND DOCUMENTS AND MEMORANDUM IN SUPPORT**

Plaintiffs, Daniel Parisi, Whitehouse.com Inc., Whitehouse Network LLC, and White House Communications Inc. (collectively referred to as "plaintiffs"), by counsel, files this emergency motion to require defendants Lawrence W. Sinclair ("Sinclair") and Sinclair Publishing, Inc. ("SPI") to preserve discoverable information and documents. Plaintiffs seek emergency relief in order to prevent Sinclair and SPI from destroying such material or transferring it to others beyond their possession, custody or control.

In support of this motion, plaintiffs state as follows:

### BACKGROUND

On September 5, 2010, Sinclair posted an entry on his Facebook page, stating that: "I have put all the Globe Magazines and a Paperback up on ebay. All 21 Globes from 2/2008 thru 7/2010 signed by me in a protective case." (Declaration of Richard J. Oparil ("Decl.") ¶ 4 & Ex. 1, available at http://www.facebook.com/profile.php?id=100000514974020&v=wall). The tabloid Globe magazines contain articles relating to the claims and defenses at issue here.

On September 8, 2010, plaintiffs' counsel sent a letter to Sinclair, informing him that, *inter alia*, the "Globe articles are discoverable documents and should be preserved." (Decl. ¶ 5 & Ex. 2). Sinclair also was asked to please confirm that he was preserving information or whether he already destroyed or transferred any information.

In a September 8 email from Sinclair to plaintiffs' counsel, Sinclair wrote:

> Mr. Oparil:
>
> You can do or file whatever you wish. You do not dictate to me what I can or cannot do with my personal belongings or news papers and magazines I purchased with my own money from the news stand. If you feel there is anything in the Globe articles you want to discover then you do so through the publishers of that publication.
>
> As for your continued statements I cannot transfer the copyright which I and I alone own, make your fraud claim and then go screw yourself sir. You will not dictate to me anything nor will your client.
>
> I suggest you get laid before your true colors or you come out of the closet.

(Decl. ¶ 6 & Ex. 3). Nowhere in this email did Sinclair indicate that he would undertake to preserve and not destroy or otherwise transfer possession, custody or control of discoverable material.

On September 9, 2010, Sinclair posted an approximately 28-minute video, in which he repeated the substance of his September 8, 2010 email and gave no indication that he would preserve evidence. To the contrary, Sinclair said on the video: "As far as preserving evidence and documents, including those electronically generated, I don't think you have a leg to stand on, you egotistical son of a bitch." Moreover, the videotape indicated that the contents of his computer hard drive could be made available to other defendants for copying but that he would not preserve it for plaintiffs. The videotape is available at www.larrysinclair.com and at

http://www.viddler.com/explore/LarrySinclair/videos/10/. (Decl. ¶ 7). A copy of the videotape can be filed separately with the Court.

Plaintiffs' counsel responded to Sinclair on September 9, writing, in pertinent part, that:

> Mr. Sinclair, I cannot dictate to you what you will do or not do. A court can do so, however, and I can warn you that the failure to preserve, destruction, or transfer of discoverable, evidentiary documents (paper or electronic) and information when you have notice of litigation could subject you to court ordered sanctions and other penalties. This applies whether you purchased the materials you have in your possession, custody or control. If there is any doubt, the Globe articles will be the subject of a document request to you and SPI from plaintiffs.
>
> You have indicated that you would contact and make your computer hard drive available to other defendants. That hard drive and any other electronic storage device should also be preserved for use in discovery in this case. I have copied counsel for the other defendants on this email.

(Decl. ¶ 8 & Ex. 3). Sinclair responded on September 9, again indicating no agreement on his part to preserve discoverable information. (*Id.*).

Plaintiffs' counsel's attempt to meet and confer with Sinclair and SPI and resolve this dispute pursuant to Local Rule 7.1(m) were unsuccessful.

## ARGUMENT

Given the flat unwillingness of Sinclair and SPI to even acknowledge any discovery obligations, plaintiffs seek an Order requiring those defendants to preserve all information and documents (defined to include, without limitation, any documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, or tangible things (Fed. R. Civ. P. 34(a)(1)) regarding any party's claim

or defense reasonably calculated to lead to the discovery of admissible evidence (Fed. R. Civ. P. 26(b)(1)).

A litigant has a duty to preserve evidence likely to be relevant to pending or reasonably foreseeable litigation. *See, e.g., John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (duty to preserve evidence is triggered when a "party has notice that the evidence is relevant to litigation or ... should have known that the evidence may be relevant to future litigation"); *Holmes v. Amerex Rent-A-Car*, 180 F.3d 294, 296 (D.C. Cir. 1999). "Spoliation is 'the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence'" in such cases. *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009). The issue of spoliation of evidence, and sanctions for such action, arises when a party fails "to preserve electronic or other records, once the duty to do so has been triggered." *Thompson v. U.S. Dep't of Housing & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003). If the court finds that spoliation has occurred, it may "impose a variety of sanctions, ranging from dismissal or judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorney's fees and costs." *Goodman*, 632 F. Supp. 2d at 506; *see also United States v. Philip Morris USA, Inc.*, 327 F.Supp.2d 21, 23 (D.D.C. 2004). Therefore, the Globe articles – like all other documents and information (including electronic records) that may lead to the discovery of admissible evidence – must be preserved by Sinclair and SPI.

Moreover, the Court has power to issue orders to prevent the destruction of pertinent evidence. *See, e.g., Philip Morris USA*, 327 F.Supp.2d at 23; *Cherrix v. Braxton*, 131 F.Supp.2d 756, 783-84 (E.D. Va. 2001); *Andrew Martin Marine Corp. v. Stork-Werkspoor Diesel B.V.*, 480 F.Supp. 1270, 1280 (E.D. La. 1979).

The record here establishes that Sinclair and his self-publishing company SPI have been made fully aware of their obligations but have no intent to ensure that discoverable information and materials are adequately preserved and maintained in their possession, custody and control. Indeed, in his emails and videotape, Sinclair seems to revel in the prospect of destroying evidence. As such, this Court should exercise its clear power to order them to comply with their obligations as litigants. The destruction or non-preservation of evidence would unfairly prejudice plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that their motion to preserve discoverable information and documents be granted.

Dated: September 10, 2010

Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil (D.C. Bar No. 409723)
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (fax)

Kevin M. Bell
PATTON BOGGS LLP
8484 Westpark Drive
McLean, VA 22102
(703) 744-8000
(703) 744-8001 (fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2010, a copy of the foregoing was served on counsel for the parties that have appeared in the case by the Court's ECF system and on the following by electronic mail:

>Lawrence W. Sinclair
>Sinclair Publishing, Inc.
>P.O. Box 1963
>Washington, DC 20013
>lsinclair@sinclairpublishingllc.com


>s/ Richard J. Oparil
>Richard J. Oparil (DC Bar No. 409723)