Lawrence W Sinclair
Post Office Box 1963
Washington, DC 20013
lsinclair@sinclairpublishingllc.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL PARISI, et al., | ) Case No.: 1:10-cv-00897-RJL |
| Plaintiff's. | ) |
| | ) **AMENDED ANSWER AND** |
| | ) **AFFIRMATIVE DEFENSES OF** |
| vs. | ) **DEFENDANTS LAWRENCE W.** |
| | ) **SINCLAIR AND SINCLAIR** |
| LAWRENCE W. SINCLAIR, et al., | ) **PUBLISHING INC** |
| | ) |
| Defendant's | ) |
| | ) |

Defendant Lawrence W. Sinclair and Sinclair Publishing Inc (collectively, "Sinclair") (Now known as Lawrence W. Sinclair doing business as (d/b/a) Sinclair Publishing), hereby submit "Amended" Answer to the complaint of plaintiffs Daniel Parisi, Whitehouse.com Inc., Whitehouse.com Network LLC and Whitehouse Communications Inc.(collectively, "Plaintiffs) as follows:

## PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint.

5. Admits the allegations of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint.

12. Admits Sinclair Publishing Inc was a Florida corporation. Dissolved June 29, 2010 and currently operating as Lawrence W. Sinclair doing business as (d/b/a) Sinclair Publishing.

## JURISDICTION AND VENUE

13. Admits that Plaintiff purports to invoke the jurisdiction of this Court under 28 U.S.C. § 1332.

14. To the extent the allegations of paragraph 14 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

except admits that Sinclair may have sold up to 5 books to addresses in the District of Columbia via its website.

15. To the extent the allegations of paragraph 15 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

## BACKGROUND

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint.

18. Denies each and every allegation of paragraph 18, except admits that Sinclair is a convicted felon and former drug user; and Sinclair does operate the websites www.larrysinclair.com, www.larrysinclairforcongress.com, and www.sinclairpublishingllc.com.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint.

21. Denies each and every allegation of paragraph 21 of the Complaint, except admits that on January 17, 2008 Sinclair did post a video on YouTube.com

22. Denies the allegations of paragraph 22 of the Complaint.

23. Denies each and every allegation of paragraph 23 of the Complaint, except admits Plaintiff Daniel Parisi did contact Sinclair in February 2008 offering to pay Sinclair to take a polygraph and Plaintiff did pay Sinclair $20,000.

24. Denies each and every allegation of paragraph 24 of the Complaint, except admits a polygraph was conducted on February 22, 2008 by Edward I Gelb in Los Angeles, California.

25. Denies each and every allegation of paragraph 25 of the Complaint, except admits Sinclair was interviewed in Los Angeles

26. Denies each and every allegation of paragraph 26 of the Complaint, except admits a polygraph was conducted on February 22, 2008 by Edward I. Gelb in Los Angeles, California.

27. Denies each and every allegation of paragraph 27 of the Complaint, except admits Parisi emailed Sinclair purported polygraph results.

28. Denies each and every allegation of paragraph 28 of the Complaint.

29. Denies each and every allegation of paragraph 29 of the Complaint, except admits a Complaint was filed captioned Sinclair v Tubesocktedd Civil Action No. 08-434-JDB and the case was dismissed.

30. Denies each and every allegation of paragraph 30 of the Complaint, except admits Sinclair held a press conference in the District of Columbia on June 18, 2008.

31. Denies each and every allegation of paragraph 31 of the Complaint, except admits Sinclair began printing a copyrighted book titled Barack Obama & Larry Sinclair: Cocaine, Sex, Lies & Murder? (Referred to as "The Book") in June 2009.

32. Denies each and every allegation of paragraph 32 of the Complaint, except admits "The Book" tells Sinclair's story about drugs, sexual activity and Donald Young's murder.

33. Denies each and every allegation of paragraph 33 of the Complaint, except admits Defendant Jeff Rense wrote the foreword to "The Book."

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint, except that Sinclair does offer "The Book" for sale by internet order.

35. Denies each and every allegation of paragraph 35 of the Complaint.

36. Denies each and every allegation of paragraph 36 of the Complaint.

37. Denies each and every allegation of paragraph 37 of the Complaint.

38. Denies each and every allegation of paragraph 38 of the Complaint.

39. Denies each and every allegation of paragraph 39 of the Complaint.

40. To the extent the allegations of paragraph 40 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

41. To the extent the allegations of paragraph 41 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

42. To the extent the allegations of paragraph 42 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

43. To the extent the allegations of paragraph 43 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

44. To the extent the allegations of paragraph 44 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

45. To the extent the allegations of paragraph 45 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

46. Denies each and every allegation of paragraph 46 of the Complaint.

47. Denies each and every allegation of paragraph 47 of the Complaint.

48. Denies each and every allegation of paragraph 48 of the Complaint.

49. Denies each and every allegation of paragraph 49 of the complaint, except admits Sinclair received a "Cease and Desists" demand on May 28, 2010 from plaintiffs' attorney (the same date Plaintiffs filed the Complaint.)

50. Denies each and every allegation of paragraph 50 of the complaint, except admits Defendant Sinclair did leave a voice message on Plaintiffs' counsel's voice mail.

51. Denies each and every allegation of paragraph 51 of the complaint, except admits Defendant Sinclair did send Plaintiffs' counsel a letter dated May 28, 2010.

52. States that no response is required to the allegations of paragraph 52 of the Complaint.

53. To the extent the allegations of paragraph 53 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact that concerns Defendants Sinclair, denies each and every allegation thereof.

## COUNT I
### (Libel Per Se/Libel)

54. Incorporates by reference its responses to paragraphs 1 to 53 inclusive of Plaintiff's Complaint.

55. Denies each and every allegation of paragraph 55 of the Complaint.

56. Denies each and every allegation of paragraph 56 of the Complaint.

57. Denies each and every allegation of paragraph 57 of the Complaint.

58. Denies each and every allegation of paragraph 58 of the Complaint.

59. Denies each and every allegation of paragraph 59 of the Complaint.

60. Denies each and every allegation of paragraph 60 of the Complaint.

61. Denies each and every allegation of paragraph 61 of the Complaint, except admits the Book has been offered for sale and sold to the public.

62. Denies each and every allegation of paragraph 62 of the Complaint.

63. Denies each and every allegation of paragraph 63 of the Complaint.

64. Denies each and every allegation of paragraph 64 of the Complaint.

## COUNT II
### (False Light Invasion/Misappropriation of Privacy)

65. Incorporates by reference its responses to paragraphs 1 to 64 inclusive of Plaintiff's Complaint.

66. Denies each and every allegation of paragraph 66 of the Complaint.

67. Denies each and every allegation of paragraph 67 of the Complaint.

68. Denies each and every allegation of paragraph 68 of the Complaint.

69. Denies each and every allegation of paragraph 69 of the Complaint.

## COUNT III
### (Business Disparagement)

70. Incorporates by reference its responses to paragraphs 1 to 69 inclusive of Plaintiffs' Complaint.

71. Denies each and every allegation of paragraph 71 of the Complaint.

72. Denies each and every allegation of paragraph 72 of the Complaint.

73. Denies each and every allegation of paragraph 73 of the Complaint.

74. Denies each and every allegation of paragraph 74 of the Complaint.

75. Denies each and every allegation of paragraph 75 of the Complaint.

76. Denies each and every allegation of paragraph 76 of the Complaint.

## COUNT IV
### (Tortious Interference with Economic Advantage)

77. Incorporates by reference its responses to paragraphs 1 to 76 inclusive of Plaintiffs' Complaint.

78. To the extent the allegations of paragraph 78 of the Complaint are deemed to be allegations of law, Sinclair is not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, denies each and every allegation thereof.

79. Denies each and every allegation of paragraph 79 of the Complaint.

80. Denies each and every allegation of paragraph 80 of the Complaint.

81. Denies each and every allegation of paragraph 81 of the Complaint.

82. Denies each and every allegation of paragraph 82 of the Complaint.

## COUNT V
### (Civil Conspiracy)

83. Incorporates by reference its responses to paragraphs 1 to 82 inclusive of Plaintiffs' Complaint.

84. Denies each and every allegation of paragraph 84 of the Complaint.

85. Denies each and every allegation of paragraph 85 of the Complaint.

86. Denies each and every allegation of paragraph 86 of the Complaint.

## INTRODUCTION TO AFFIRMATIVE DEFENSES

Under the law, it is the Plaintiffs' burden to prove most of the issues raised in the affirmative defenses set forth below. The designation of the following as affirmative defenses should not be construed as an admission by Sinclair that the burden of proof or burden of persuasion in asserting such defenses fall on them, and such burden of proof or persuasion shall be determined according to the applicable legal standards. It is Sinclair's intent to preserve, and not to waive, their legal position that Plaintiffs maintain the burden of proof on these issues.

### AFFIRMATIVE DEFENSE I

87. The Complaint fails to allege facts sufficient to state a cause of action against Sinclair, in whole or in part, upon which relief can be granted.

### AFFIRMATIVE DEFENSE II

88. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation. Plaintiffs' own claims in paragraph 48 of the Complaint *"48. As a direct and proximate result of the defamatory states of the defendants, the whitehouse.com website was shut down in 2008. Whitehouse.com had hoped to sell the site to political/news entities, particularly during the historic 2008 presidential election year, but was unable to do so in light of the taint of Sinclair's defamation..."*

89. Based on the claims of paragraph 48 of the Complaint, Plaintiffs' claims are barred. It does not take a genius to know you cannot have an "effect" one year earlier than you allege the "cause" to have occurred.

### AFFIRMATIVE DEFENSE III

90. Plaintiffs' claims fail because Sinclair did not and does not have any knowledge that the statements in the BOOK are false. All information provided to Sinclair in regards to

Plaintiff Daniel Parisi has proven to be truthful to the extent Sinclair was able to verify it. Example: When Sinclair was contacted on February 25, 2008 and told Plaintiff Parisi was placing a stop payment of the payment dated Feb 22, 2008, that information was proven true Exhibit 1.

### AFFIRMATIVE DEFENSE IV

91.  Plaintiffs are public figures and their claims fail because the allegedly false statements were not published with knowledge of their falsity or with reckless regard for their truth.

### AFFIRMATIVE DEFENSE V

92.  Plaintiffs fail to properly allege special damages.

### AFFIRMATIVE DEFENSE VI

93.  Plaintiffs' fail to properly allege libel *per se*.

### AFFIRMATIVE DEFENSE VII

94.  Any allegedly false statement claimed to have been made of and concerning Plaintiffs' by Sinclair was within the sphere of legitimate public interest and concern and/or was reasonably related to matters warranting public exposition.

### AFFIRMATIVE DEFENSE VIII

95.  Plaintiffs' claims fail because the allegedly false statements in the Book claimed to have been made of and concerning Plaintiffs' are substantially true and therefore absolutely protected under the First and Fourteenth Amendments to the U.S. Constitution and applicable state constitutional provisions.

### AFFIRMATIVE DEFENSE IX

96. Plaintiffs' claims fail because the allegedly false statements in the Book claimed to have been made of and concerning Plaintiffs qualify as protected opinion under the First and Fourteenth Amendments to the U.S. Constitution and applicable state constitutional provisions.

### AFFIRMATIVE DEFENSE X

97. Plaintiffs' claims fail because any allegedly false statement in the Book claimed to have been made of and concerning Plaintiffs did not cause actual harm to Plaintiffs' reputation.

### AFFIRMATIVE DEFENSE XI

98. Any allegedly defamatory statement claimed to have been made of and concerning Plaintiffs did not cause actual harm to Plaintiffs' reputation in light of Plaintiffs' previously diminished reputation.

### AFFIRMATIVE DEFENSE XII

99. Plaintiffs have not suffered any actual harm or damages as a result or proximate cause of the acts alleged to have been committed by Sinclair, or as a result of the allegedly false or defamatory statements or other acts on which plaintiffs' claims are predicated.

### AFFIRMATIVE DEFENSE XIII

100. To the extent Plaintiffs seeks to plead any cause of action other than defamation or libel, it is barred from disguising such claims as other torts in order to circumvent constitutional protections. Any such claims fail under the First and Fourteenth Amendments to the U.S. Constitution and applicable state constitutional provisions.

### AFFIRMATIVE DEFENSE XIV

101. Plaintiffs' claims fail because any harm or damages, which harm or damages Sinclair denies, were proximately and directly caused, in whole or in part, by the actions of Plaintiffs, or by the actions of others over whom Sinclair has no control.

### AFFIRMATIVE DEFENSE XV

102. Plaintiffs claims for punitive damages are barred by the First and Fourteenth Amendments of the U.S. Constitution and the common law.

### AFFIRMATIVE DEFENSE XVI

103. Plaintiffs may not recover punitive damages in the absence of "actual Malice" and common-law malice.

### AFFIRMATIVE DEFENSE XVII

104. Plaintiffs' claims fail because they failed to mitigate any alleged injury or damages, which injury or damages Sinclair expressly denies.

### AFFIRMATIVE DEFENSE XVIII

105. Plaintiffs claims fail as they pertain to Sinclair Publishing, Inc. (SPI) based on paragraph 48 of the Complaint. SPI was not founded until February 27, 2009 at its earliest inception and therefore could not have caused Plaintiffs Whitehouse.com to shut down in 2008.

### AFFIRMATIVE DEFENSE XIX

106. The Complaint, to the extent it seeks punitive damages, violates Sinclair's right to procedural and substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution and applicable state constitutional provisions.

### AFFIRMATIVE DEFENSE XX

107. Plaintiffs' claims are barred, in whole or in part, by equitable doctrines of laches, waiver, estoppels and unclean hands.

### AFFIRMATIVE DEFENSE XXI

108.   Plaintiffs' false light claims fail because corporations cannot maintain a cause of action for false light invasion of privacy.

### AFFIRMATIVE DEFENSE XXII

109.   Plaintiffs' claims fail because there was no agreement, whether explicit or implicit, between Sinclair and any other party to inflict a wrong against, or injury upon, Plaintiffs'.

### AFFIRMATIVE DEFENSE XXIII

110.   Plaintiffs' claims fail because they cannot demonstrate that the alleged acts of Sinclair interfered with any protectable economic right of Plaintiffs.

### AFFIRMATIVE DEFENSE XXIV

111.   Plaintiffs' claims fail because any alleged interference, which interference Sinclair expressly denies, was not done intentionally and with "malice," that is, intentionally without justification or excuse.

### AFFIRMATIVE DEFENSE XXV

112.   Plaintiffs' claims fail because Plaintiffs' failed to allege facts leading to the conclusion the alleged interference caused the loss of any prospective gain and that, if there had been no interference, there was a reasonable probability that Plaintiffs' would have received the anticipated economic benefits.

### AFFIRMATIVE DEFENSE XXVI

113. Sinclair hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendants in this proceeding to the extent that Sinclair may share in such affirmative defenses.

### AFFIRMATIVE DEFENSE XXVII

114. Sinclair reserves the right to amend its Answer and Affirmative Defenses to assert such additional, as yet unstated, affirmative defenses as may later become available or apparent to Sinclair.

**WHEREFORE** Sinclair respectfully requests that this Honorable Court:

1. Enter judgment in favor of Sinclair on the Complaint, dismissing it with prejudice;

2. Award Sinclair its fees, costs and disbursements in this action; and

3. Afford Sinclair such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted this 12th day of September 2010.

/s/Lawrence W. Sinclair
Lawrence W. Sinclair, Pro Se
On Behalf of Lawrence W. Sinclair &
Lawrence W. Sinclair
d/b/a Sinclair Publishing (Formerly SPI)
Post Office Box 1963
Washington, DC 20013

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 12, 2010 the foregoing *"AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS LAWRENCE W. SINCLAIR AND SINCLAIR PUBLISHING INC"* was filed with the Clerk of the Court in person by Depositing same in the Drop Box at the U.S. Courthouse 3rd Street Entrance in Washington, DC to be served by operation of the Court's electronic filing system upon the parties listed below. The undersigned further certifies that the foregoing was delivered via email on September 12, 2010 on the following:

Richard J Oparil ROparil@pattonboggs.com
Kevin M. Bell kbell@pattonboggs.com
Patton Boggs LLP,
attorneys for plaintiffs;

Steven J. Weber Steven.weber@huschblackwell.com
R. Prescott Sifton, Jr. scott.sifton@huschblackwell.com
Husch Blackwell Sanders, LLP
attorneys for Defendant Books-A-Million, Inc.

Stephen Smith, steve.smith@klgates.com;
Mathew Segal matthew.segal@klgates.com ,
Kari Vander Stoep kari.vanderstoep@klgates.com and
John Longstreth john.longstreth@klgates.com
K&L Gates LLP,
attorneys for defendant Amazon.com Inc.;

Linda Steinman lindasteinman@dwt.com and
John Eastburg roryeastburg@dwt.com
Davis Wright Tremaine LLP,
attorneys for Defendant Barnes & Noble, Inc.

/s/ Lawrence W Sinclair

EXHIBIT-1

Page 1



images

Bank Confidential Communication

sted by: Courtney Greiner

neck image contains confidential information. If you print this image, please store it in a secure place to avoid
torized usage of this information. Increased security awareness when discarding or destroying this document is
mended.

#1

int No.:                               Check No.: 2046              Sequence No.: 00000101660
nt: $20000.00                          Routing No.:                 Date: 02/28/2008