Lawrence W. Sinclair
d/b/a Sinclair Publishing
Post Office Box 1963
Washington, DC 20013
lsinclair@sinclairpublishingllc.com

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL PARISI, et al.,                    )
                                          )
  Plaintiff's,                            )
                                          )
                                          )
vs.                                       ) Case No.: 1:10-cv-00897-RJL
                                          )
LAWRENCE W. SINCLAIR, et al.,             )
                                          )
Defendant's                               )

**DEFENDANTS SINCLAIR EMERGENCY MOTION TO STRIKE PLAINTIFFS EXHIBIT 1 in "PLAINTIFFS' OPPOSITION TO AMAZON'S MOTION FOR SUMMARY JUDGMENT" (DI-61 EX 1) FILED OCTOBER 15, 2010 and MOTION FOR SHORTEN TIME TO RESPOND**

Defendant LAWRENCE W. SINCLAIR and LAWRENCE W. SINCLAIR d/b/a Sinclair

Publishing (formerly Sinclair Publishing, Inc.) ( Sinclair ), pro se, moves this HONORABLE

COURT for an IMMEDIATE ORDER striking Plaintiffs' Exhibit 1 in "Plaintiffs' Opposition to

Amazons Motion for Summary Judgment (DI61) and ORDER Plaintiff to respond within Three

(3) days.  As grounds for said ORDER Sinclair provides the following:


    1. Plaintiffs' counsel Richard J. Oparil has in direct violation of US Copyright Law

photocopied a copyrighted work, said copyright owned by Defendant Lawrence W. Sinclair

without permission.

**RECEIVED**

OCT 19 2010

Clerk, U.S. District and
Bankruptcy Courts

Emergency Motion/Motion For Shortened Time To Respond - 1

2. Plaintiffs' uploaded a copyrighted work onto the Courts Electronic Filing System (PACER) in its entirety for no purpose other than to provide bloggers and plaintiff Parisi a means to access and distribute said copy-righted work via the internet free of charge.

3. Plaintiffs' brought this suit claiming Sinclair's book Barack Obama & Larry Sinclair: Cocaine, Sex, Lies & Murder? was defamatory towards plaintiff and has sued to stop the sale and distribution of said book, yet copies the book in direct violation of Law and places it in the court file as an exhibit to allow free and unrestricted access to it. Plaintiffs' action is deliberate and intended solely to cause financial harm to defendants Sinclair.

4. Plaintiffs did intentionally file a copyrighted work in its entirety as an exhibit on a Friday afternoon after the Court had closed deliberately to allow websites such as http://theregulator.net/?p=9143 to download the copyrighted work from the Courts PACER system and put it on the internet for download.

5. Plaintiffs can demonstrate no legitimate reason for filing an unauthorized photocopy of the copyrighted book in its entirety in clear violation of US Copyright Law.

Title 17 USC § 106. Exclusive rights in copyrighted works

Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

6.      Plaintiffs in an email response to Defendant demand that Plaintiffs move to seal its Exhibit 1 (DI-61 Ex. 1) Oparil states *"Obviously, you can file a motion for a protective order to ask the Court to place the exhibit under seal. I do not have the authority to consent to that motion."* (Exhibit 1)Plaintiffs counsel by relaying this information makes it clear that Plaintiff Parisi' intent with the case is for no purpose other than to harass, and cause financial harm.

7.     Plaintiff claims the book is the subject of a judicial proceeding. This is not the case. Plaintiff's complaint alleges a very small section of the copyrighted work to be defamatory and has included those portions of the material in its complaint. Plaintiffs' Counsel clearly knows that LCvR 5.1 (j) 1-4 provide means for filing material with the court under seal. The Fair Use clause limits the scope and amount of material that can be used under "Fair Use" and in no case is plaintiff entitled to reproduce an entire copyrighted work. Plaintiffs refer to three sections of the copyrighted material in its "Opposition to Defendant Amazon.com Motion for Summary Judgment:"

A.     The front cover art

B.     A Review that was reprinted on the Paperback editions back cover by a blogger Chirpy Rumblings.

C.     Referring to Defendant Sinclair's past felony criminal convictions(which Defendant Sinclair has always admitted to).

Plaintiff in an email to Defendant Sinclair cites to this case as authority for why plaintiff filed the entire copyrighted work to his opposition (See also Jartech v. Clancy, 666 F.2d 403, 406-07 (9th Cir.1982) (copies of adult movies for use as evidence in a nuisance abatement proceeding were considered fair use)(Exhibit 1). However plaintiff failed to review more current case law. See Images Audio Visual Productions, Inc. v. Perini Bldg. Co., Inc., 91 F. Supp. 2d 1075, 1082 (E.D. Mich. 2000). The above 2000 case, Images Audio, points out that the reason that the film in Jartech was "fair use" under Section 107 (17 U.S.C.A. § 107) was because of the proportionality of what was used in relation to what the defendants were trying to prove (i.e. the defendants only used excerpts of the film and made an abbreviated version of the film to use as evidence rather than the whole film). Because the copies of the film were abbreviated to be used as evidence for

the sole purpose of the trial, the abbreviated version was considered fair use. In the current case,

the Plaintiffs' have attached the entire book rather than just the portions to which they complain

(Parisi excerpts and/or the excerpts necessary to support the arguments they make in their

Opposition to Amazon's Motion to Dismiss). Therefore, the ruling in Jartech cannot be applied

to the current case as the two are factually distinguishable. Plaintiffs' reproducing the entire

copyrighted material was deliberate and intentional and IS in direct violation of Copyright Law.

8.      Plaintiffs Counsel is aware that the copy-righted work it filed on the Courts

PACER system was downloaded and placed on internet pirating sites which allow individuals to

obtain copy-righted material in violation of copy right law and without payment for said

material. Plaintiffs' Counsel and Plaintiffs both have knowingly assisted in the illegal

distribution of copy-righted material.

## MOTION FOR SHORTENED TIME TO RESPOND

Defendant Sinclair Ask this Court to ORDER Plaintiffs respond within Three (3) Days as

Defendants Sinclair continue to be harmed financially based on the deliberate and intentional

actions of Plaintiffs and Plaintiffs Counsel.

## CONCLUSION

Defendants Sinclair is the legal owner of the copy-right to the Book Barack Obama &

Larry Sinclair: Cocaine, Sex, Lies & Murder?, and Plaintiffs have by reproducing the entire

copy-righted work and uploading it onto the Courts PACER System are infringing upon

Defendant Sinclair's Copy-right. Defendants Sinclair are entitled to the Courts IMMEDIATE

ORDER removing Plaintiffs exhibit DI-61 Ex. 1 PACER and striking it from the record.

Wherefore Defendants Sinclair respectfully moves this Honorable Court to immediately

ORDER the Clerk of This US District Court for the District of Columbia to remove Plaintiffs'

1   Exhibit 1 (DI-61 Ex 1) from the Courts PACER system and to strike said exhibit or in the

2   alternative place said Exhibit under seal.

3

4

5   Respectfully submitted this 19th day of October 2010.

6                                                   /s/Lawrence W. Sinclair
                                                    Lawrence W. Sinclair, Pro Se
7                                                   On Behalf of Lawrence W. Sinclair &
                                                    Former Sinclair Publishing, Inc. NOW
8                                                   Lawrence W. Sinclair d/b/a Sinclair
                                                    Publishing
9                                                   Post Office Box 1963
                                                    Washington, DC 20013
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF SERVICE

2   The undersigned certifies that on October 18, 2010 the foregoing **"DEFENDANTS SINCLAIR EMERGENCY MOTION TO STRIKE PLAINTIFFS EXHIBIT 1 in "PLAINTIFFS'**
3   **OPPOSITION TO AMAZON'S MOTION FOR SUMMARY JUDGMENT" (DI-61 EX 1) FILED OCTOBER 15, 2010 and MOTION FOR SHOETENED TIME TO RESPOND"**
4   was filed with the Clerk of the Court in person at the U.S. Courthouse 333 Constitution Avenue NW Washington, DC to be served by operation of the Court's electronic filing system upon the
5   parties listed below. The undersigned further certifies that the foregoing was delivered via electronic mail (email) on October 18, 2010 on the following:
6
Richard J Oparil ROparil@pattonboggs.com
7   Kevin M. Bell kbell@pattonboggs.com
Patton Boggs LLP,
8   Attorneys for plaintiffs;

9   Steven J. Weber Steven.weber@huschblackwell.com
R. Prescott Sifton, Jr. scott.sifton@huschblackwell.com Husch Blackwell Sanders, LLP
10   Attorneys for Defendant Books-A-Million, Inc.

11   Stephen Smith, steve.smith@klgates.com;
Mathew Segal matthew.segal@klgates.com,
12   Kari Vander Stoep kari.vanderstoep@klgates.com and
John Longstreth john.longstreth@klgates.com
13   K&L Gates LLP,
Attorneys for defendant Amazon.com Inc.;
14
Linda Steinman lindasteinman@dwt.com and
15   John Eastburg roryeastburg@dwt.com
Davis Wright Tremaine LLP,
16   Attorneys for Defendant Barnes & Noble, Inc.

17   JoAnne Zawitoski JZawitoski@semmes.com Semmes, Bowen, Semmes Attorneys for Defendant Jeffrey Rense
18
/s/ Lawrence W Sinclair
19

20

21

22

23

24

25

EXHIBIT 1

## Lawrence Sinclair

| | |
|---|---|
| **From:** | Oparil, Richard [ROparil@PattonBoggs.com] |
| **Sent:** | Monday, October 18, 2010 2:19 PM |
| **To:** | Lawrence Sinclair |
| **Subject:** | RE: DEMAND PLAINTIFF IMMEDIATELY FILE MOTION TO PUT DI 61 EX 1 UNDER SEAL/ FYI Your Home Phone number is 2022447901? |
| **Attachments:** | ole0.bmp |

Mr. Sinclair, the book is the subject of a judicial proceeding. Particularly when there are multiple motions to dismiss or for summary judgment pending, the Court is entitled to have a copy to review. Courts have regarded as fair use a "reproduction of a work in legislative or judicial proceedings or reports...." House Report No. 94-1476 at 65. See also Jartech v. Clancy, 666 F.2d 403, 406-07 (9th Cir.1982) (copies of adult movies for use as evidence in a nuisance abatement proceeding were considered fair use). I would also note that prior to your purported suicide attempt, you wrote that the copyright in the book had been transferred to third-parties. If that public statement was true, you do not have standing to assert the copyright.

The book is not confidential and the ECF rules do not require that it be placed under seal.

Your "sincere belief" is mistaken. The book is relevant and admissible evidence and was filed for that sole purpose. The plaintiffs have no reason to provide the defamatory book with wider circulation than it already has had. Also contrary to your apparent belief, plaintiffs are not working with any "bloggers". I do not know the identity of any "bloggers" or book reviewers -- either positive or negative toward the book.

I don't understand what the significance of my phone number is, but it is a matter of public record.

Obviously, you can file a motion for a protective order to ask the Court to place the exhibit under seal. I do not have the authority to consent to that motion. Your motion (or draft motion, it is unclear from your latest email) does not provide the basis on which sanctions are requested. It certainly does not comply with the Federal Rules.

-----Original Message-----
From: Lawrence Sinclair [mailto:lsinclair@sinclairpublishingllc.com]
Sent: Mon 10/18/10 12:51 PM
To: Oparil, Richard
Subject: DEMAND PLAINTIFF IMMEDIATELY FILE MOTION TO PUT DI 61 EX 1 UNDER SEAL/ FYI Your Home Phone number is 2022447901?

Mr. Oparil:

On Friday October 15, 2010 you filed as an exhibit in Parisi v Sinclair a "photocopy" of the copyrighted book Barack Obama & Larry Sinclair: Cocaine, Sex, Lies & Murder? in violation of US Copyright laws.

I am the owner of the copyright to this book and have not ever given you permission to reproduce said material in any form.

It is my sincere belief that you intentionally filed this unauthorized copy of the copyrighted material with the express purpose and intent to cause great financial harm to me. I also have the good faith belief that your action was deliberate for the purpose of providing bloggers access to illegally distribute a copyrighted book.

I demand that you immediately file a motion to place DI-61 Ex 1 under seal or to strike it from the file at once. I am prepared to file a motion for shortened time and for sanctions against you if you refuse. I am also prepared to file a counter suit against you and your client for copyright infringement.

In addition I believe you have placed your home phone number in the case as well. 2022447901.

Respectfully,

Lawrence W. Sinclair d/b/a
Sinclair Publishing
Post Office Box 1963
Washington, DC 20013
www.sinclairpublishingllc.com
 <<Picture (Device Independent Bitmap)>>

DISCLAIMER:
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us at (866) 966-6599 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

2